**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARY CATHERINE KORSUN,

      Plaintiff,

           v.

PROGRESSIVE NORTHERN
INSURANCE CO. and GERALD J. PRICE
INSURANCE AGENCY, INC.,

      Defendants.

CIVIL ACTION NO. 3:06-CV-01148

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff Mary Catherine Korsun's Motion to Remand. (Doc. 13-1.)  For the reasons set forth below, Plaintiff's Motion to Remand will be granted.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint filed in the Court of Common Pleas of Lackawanna County Pennsylvania, are as follows. On December 3, 2002, the Plaintiff was struck involved in a motor vehicle accident when the vehicle she was operating was struck by the vehicle of Matthew A. Burnett ("Burnett").  (Doc. 1-4 Ex. A ¶ 10.)  Plaintiff suffered and will continue to suffer from a number of severe and permanent injuries, including headaches, neck pain, cervical strain, numbness, and great shock to her nervous system and musculature.  (Doc. 1-4 Ex. A ¶ 11.)

At the time of the collision, Burnett  was insured by Defendant Progressive Northern Insurance Co.  ("Progressive"), with bodily injury liability protection limits in the amount of $25,000.00.  (Doc. 1-4 Ex. A ¶ 16.)  That amount was insufficient to

compensate Plaintiff for the injuries she sustained.  (Doc. 1-4 Ex. A ¶ 17.)  Plaintiff was also insured by Progressive.  The Progressive policy was sold to Plaintiff by Defendant Gerald J. Price Insurance Agency, Inc. ("Price Agency"), an authorized agent or representative of Progressive.  (Doc. 1-4 Ex. A ¶ 19.)

At the time Plaintiff purchased her insurance policy, she elected to purchase underinsured motorist benefits.  (Doc. 1-4 Ex. A ¶ 23.)  Plaintiff also requested that Price Agency obtain and maintain proper and adequate automobile insurance coverage for her, including underinsured motorist coverage which provided for arbitration of disputed claims.  (Doc. 1-4 Ex. A ¶ 52.)  On November 15, 2004, Plaintiff informed Progressive that she intended to pursue an underinsured motorist claim.  (Doc. 1-4 Ex. A ¶ 29.)

On March 7, 2006, Plaintiff appointed her arbitrator and requested that Progressive appoint its arbitrator within thirty (30) days.  (Doc. 1-4 Ex. A ¶ 41.)  Progressive informed Plaintiff on March 21, 2006, that it would not agree to proceed with arbitration.  (Doc. 1-4 Ex. A ¶ 42.)

On May 9, 2006, Plaintiff filed her Complaint in the Court of Common Pleas of Lackawanna County.  (Doc. 1-4 Ex. A.)  On June 8, 2006, Progressive removed the case to federal court on the basis of diversity jurisdiction.  (Doc. 1-1.)  Progressive contends the joinder of Gerald J. Price was solely to defeat diversity, that there is no legitimate claim against Price Agency, and therefore joinder is fraudulent and diversity does exist. Plaintiff now moves to remand.  (Doc. 13-1.)

## DISCUSSION

In the present case, Plaintiff is a citizen of Pennsylvania, Defendant Progressive is a citizen of Ohio and Wisconsin.  Defendant Price Agency is a citizen of Pennsylvania. Defendants argue that Price Agency was fraudulently joined and therefore should be disregarded for the purposes of determining diversity of citizenship.  Alternatively, Defendants argue that Price Agency is a nominal party and should be disregarded for the purposes of determining diversity of citizenship.

### A.  Fraudulent Joinder

A defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a).  "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) *(*citing *Grand Union Supermarkets of the Virgin Islands, Inc.  v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)).

However, "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity."  *Id*. at 215-216. In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were "fraudulently" named or joined solely to defeat diversity jurisdiction. *Id*. at 216.  Joinder is fraudulent if "there is no reasonable basis in fact or colorable

ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation and quotation marks omitted).  In evaluating the alleged fraud, the Court must focus on the plaintiff's complaint at the time the petition for removal was filed.  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992).  The Court must also assume as true all factual allegations of the complaint.  *Id.*  Furthermore, any uncertainties as to the current state of controlling substantive law shall be resolved in favor of the plaintiff.  *Id.*

Plaintiff has filed suit against Price Agency for negligence.  In Pennsylvania, such a claim requires that a plaintiff establish four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.  *McCain ex rel. Thomas v. Welker*, 761 A.2d 155, 158 (Pa. Super. 2000).

Defendants argue that Price Agency did not have a duty to Plaintiff because Plaintiff was not the actual purchaser of the insurance.  Plaintiff's Complaint, however, directly contradicts Defendants' allegation.  (Doc. 1-4 Ex. A ¶ 55.)  At this stage, the Court must assume that all allegations of fact made by Plaintiff are true.  *Batoff*, 977 F.2d at 851-52.  Accordingly, the Court will accept Plaintiff's allegation that Plaintiff was the actual purchaser of the insurance.  Therefore, Price Agency did owe Plaintiff a duty.

Additionally, Defendant argues that the parole evidence rule prevents Plaintiff from claiming any alleged prior representations.  However, in *Pressley v. Travelers Property Casualty Corporation*, 817 A.2d 1131, 1140-1141 (Pa. Super. 2003), the Superior Court

4

of Pennsylvania determined that an insured has no obligation to read the policy to

discover an agent's misrepresentation regarding the scope and extent of coverage where

the insured asks for particular coverage.  As such, Plaintiff would be allowed to present

evidence of misrepresentation by Price Agency.

Therefore, the Court holds that Plaintiff's negligence claims against Defendant

Price Agency are not wholly insubstantial and/or frivolous.  Consequently, Price Agency

was not fraudulently joined.

### B. Nominal Party

A nominal party is defined as one that is "neither necessary nor indispensable to

join in the action." *Mallalieu-Goldner Ins. Agency, Inc. v. Executive Risk Indem., Inc.*, 254

F.Supp. 2d 521, 524-25 (M.D. Pa.2003) (McClure, J.) (internal quotations omitted).  Upon

removal, the issue of whether a party is indispensable to an action is determined based

on federal law, *Id*. at 252 (citing *Shetter v. Amerada Hess Corp*., 14 F.2d 934, 938 (3d

Cir.1994)), and is governed by Rule 19 of the Federal Rules of Civil Procedure.  FED. R.

CIV. P. 19.  Rule 19 states that a party is "necessary" if:

> (1) in the person's absence complete relief cannot be accorded among
> those already parties, or
> (2) the person claims an interest relating to the subject of the action and is
> so situated that the disposition of the action in the person's absence may
>> (i) as a practical matter impair or impede the person's ability to
>> protect that interest or
>> (ii) leave any of the persons already parties subject to a substantial
>> risk of incurring double, multiple, or otherwise inconsistent
>> obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).  When it is determined that a party is not "necessary," that party is

"by definition not 'indispensable' to the action." Mallalieu-Goldner, 254 F.Supp.2d at 525.

In this case, Plaintiff brings suit against both Progressive and Price Agency for

negligence relating to the absence of a mandatory arbitration clause in Plaintiff's insurance policy.  Furthermore, Plaintiff's Complaint alleges that Progressive, Price Agency's employer, is liable for the alleged negligence of Price Agency.  (Doc. 1-4 Ex. A ¶ 64(d).)  Accordingly, Price Agency is a necessary party under Rule 19.  The Court therefore holds that Price Agency is not a nominal party.

## CONCLUSION

For the reasons set forth above, the Court shall grant Plaintiff's Motion to Remand. An appropriate Order will follow.


_____                          _____
Date                                 A. Richard Caputo
                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARY CATHERINE KORSUN,

     Plaintiff,

        v.

PROGRESSIVE NORTHERN
INSURANCE CO. and GERALD J. PRICE
INSURANCE AGENCY, INC.,

     Defendants.

CIVIL ACTION NO. 3:06-CV-1148

(JUDGE CAPUTO)

## ORDER

    **NOW**, this _____ day of October, 2006, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Remand (Doc. 13), is **GRANTED**.

    (A)    The Clerk of Court shall remand this case to the Court of Common Pleas of Lackawanna County, Pennsylvania.

(2)    The Clerk of Court shall mark this case **CLOSED**.

_____
A. Richard Caputo
United States District Judge